JOE OVERSTREET v. THE STATE.

No. 11845.   Delivered February 27, 1929.
Rehearing denied April 10, 1929.

The opinion states the case.

*Wear, Stollenwerck & Wear* of Hillsboro, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was indicted for murder and convicted of aggravated assault and his punishment assessed at a fine of $100.00.

No statement of facts is brought forward.

Appellant presents two questions, one being that a conviction for an aggravated assault could not properly be had under an indictment charging murder under the present definition of that offense. (See Chapter 274, Acts Regular Session 40th Legislature, page 412). The point has been decided against appellant in No. 12312, Clyde Miller v. State, opinion delivered February 20th, 1929, not yet reported.

The judgment entered against appellant provided for the recovery of all costs of the prosecution. The other question raised is that

appellant having been tried under an indictment charging murder that no costs could be taxed against him although he was convicted of a misdemeanor. No attack was made on the judgment in the court below, a motion for new trial not even being filed, and the question is raised for the first time here. No complaint is made of any particular item of cost and no information is furnished this court as to the amount of costs taxed, nor in whose favor. The broad proposition is asserted that no costs of any kind could be taxed against appellant under the circumstances. This contention is based largely upon the construction placed by appellant upon Articles 1018 and 1019 C. C. P. Said articles have been construed in case No. 12259, Ex parte W. T. Hill, opinion delivered this date, but we fail to see their application in the present case.

Chapter IV, Title 15 of the C. C. P. prescribes the costs to be taxed against a defendant in misdemeanor cases. It is argued that this case is not a misdemeanor case but a felony case because the indictment was for such offense. In view of the fact that appellant was convicted of a misdemeanor he would scarcely agree that such conviction branded him as a felon, deprived him of the right to vote and fixed upon him other civil disabilities attendant upon a felony conviction. Having been convicted of a misdemeanor although put upon trial under a felony indictment certain costs incident to that trial could properly be taxed against appellant. In the absence of a showing to the contrary we must assume that whatever costs were taxed against him were authorized by the statute.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have no doubt of the fact that one may be prosecuted by an indictment charging murder, which is a felony in this State, and be convicted of an aggravated assault, which is a misdemeanor. Bean v. State, 25 Texas Crim. App. 346. We are not able to agree with appellant's contention that the classification of a particular case as a felony or a misdemeanor depends upon the indictment and not upon the judgment of conviction. The fact that one is indicted for a felony when convicted for an included offense which is a misdemeanor, would not seem to us to prevent the case in its last analysis from being classed as a misdemeanor. See Art. 1019, also 1027, C. C. P. We are satisfied that in this case appellant was convicted of a misdemeanor, in which case no costs of

this trial are payable to any officer, out of State funds; nor do we find any provision in Chapter 3, Title 15, C. C. P. relating to costs, which would warrant holding the costs in a case like this payable out of county funds. Chapter 4 of said Title, however, sets out in substance and at length that all costs in misdemeanor cases shall be taxed against the defendant. This case in its disposition by the jury being brought into the class just mentioned, the costs of this trial were properly taxed against the appellant.

There may be some confusion resulting from the various amendments to our statutes relating to costs, in case an attempt be made to tax against the accused costs of prior trials upon indictments charging felonies in which there were no convictions of misdemeanors but the trials resulted in mistrials or convictions of felonies which were reversed. Cases of that character seem referable to the rule laid down in Ex parte Hill cited in our original opinion. As we understand the case before us, the costs taxed against appellant were merely the costs of the trial upon which he was convicted of a misdemeanor, and as said in our original opinion, the rule stated in Ex parte Hill has no application.

Being unable to agree with the contentions made by appellant, and believing that the costs were properly taxed against him, the motion for rehearing will be overruled.

*Overruled.*