### Ex Parte W. T. Hill.

No. 12259. Delivered February 27, 1929.

The opinion states the case.

*M. E. Gates* and *L. M. Cox* of Huntsville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

HAWKINS, JUDGE.—Appellant was indicted in Harris County charged with murder. The venue was changed to Brazos County where a trial was had but the jury failed to reach a verdict. The venue was then changed to Falls County where appellant was found guilty of an aggravated assault and battery and his punishment assessed at confinement in the county jail for forty-five days. An appeal was taken to this court and the judgment affirmed. Mandate from this court reached the district clerk in Falls County on the ninth day of June, 1928, at which time appellant surrendered and was placed in jail. Upon October 1st, 1928 he sought release by habeas corpus proceedings and was remanded from which judgment this appeal is prosecuted.

The costs accruing to officers and witnesses in the district court of Harris County and in the district court of Brazos County and in the district court of Falls County prior to appellant's conviction of a misdemeanor were properly and legally claimed by said officers and witnesses, their bills approved by the respective district judges as a charge against the State of Texas, and so far as the record here shows were all paid by the state long before appellant was placed in jail, except the sum of $87.70 which amount was taxed as costs against appellant upon the trial in Falls County. This amount appears to have been properly taxed against appellant upon the trial which resulted in a conviction of a misdemeanor. At any rate, no question is raised with reference thereto. The costs which had theretofore been paid by the state—while the (murder) felony

charge was pending—aggregate $1,471.20. The judgment entered against appellant recites that he was not only adjudged to serve the forty-five days in the county jail of Falls County, but that all costs of the prosecution, including the $1,471.20 were adjudged against him and provided that execution and capias pro fine should issue for the collection of such costs.

We assume from the record that Falls County has no county farm, workhouse or public improvements where convicts may be put to work under the provisions of Article 794 C. C. P. and that after appellant had served the forty-five days in jail to satisfy that part of the judgment he was being further held in said jail to satisfy the costs at the rate of one dollar per day as provided in Article 793, C. C. P., as amended at the First Called Session of the 40th Legislature, page 194.

It is appellant's contention that he can not be legally held in jail at the rate of one dollar per day to satisfy the costs or any part thereof which had been previously paid by the state. This exact point seems to have been decided adversely to appellant's contention in Ex parte Spiller, 63 Tex. Cr. R. 93, 138 S. W. 1039. It is the second question considered in the opinion in said case. It was not discussed at any length. Our investigation of the matter leads us to conclude that upon this point the Spiller case is erroneous and arose from a misconstruction of what are now Articles 1018 and 1019, C. C. P. These articles appear at the beginning of Chapter II of Title 15, C. C. P., relating to costs paid by the state. They would not be so liable to create confusion, we think, if they followed, rather than preceded the other provisions of said chapter which fix the fees of various officers and witnesses in felony cases and provides the method of collecting them from the state. The Legislature did not overlook the very contingency which here arose—where the charge against accused was a felony but final conviction was for a misdemeanor..

Article 1019 C. C. P. reads:

"If the defendant is indicted for a felony and convicted of a misdemeanor, no costs shall be paid by the State to any officer."

And Article 1018 C. C. P. is as follows:

"When the defendant is convicted, the costs and fees paid by the State under this title shall be a charge against him, except when sentenced to death or to imprisonment for life, and when collected shall be paid into the State Treasury."

This article provides for reimbursing the State Treasury if the fees theretofore paid by the State could ever be collected from ac-

cused. Carrying out this same purpose to reimburse the State Treasury under such contingency Article 1027 C. C. P. was also enacted, which reads as follows:

"In all cases when the defendant shall be finally convicted of a misdemeanor, the Sheriff shall return to the State Treasurer a sum of money equal to the amount he received from the State in such case, and the sheriff and his bondsmen shall be responsible to the State for such sum. In such cases all fees received by the district clerk shall be refunded by him to the State."

Appellant having been finally convicted of a misdemeanor only we must go to the provisions of the statute for the proper judgment in such cases. Articles 783 and 784 C. C. P. read:

"When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also that execution may issue against the property of such defendant for the amount of such fine and costs.

"If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."

Providing for the manner of enforcing the judgment Article 791 C. C. P. reads:

"In each case of pecuniary fine, an execution may issue for the fine and costs, though a capias was issued for the defendant; and a capias may issue for the defendant though an execution was issued against his property. The execution shall be collected and returned as in civil actions. When the execution has been collected, the defendant shall be at once discharged; and whenever the fine and costs have been legally discharged in any way, the execution shall be returned satisfied."

For the further enforcement of the judgment—if the fine and costs are not paid or the costs are not paid where the punishment is by imprisonment in the county jail—we must then look to Article 793 C. C. P., which, as amended by the First Called Session of the 40th Legislature, reads:

"When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the

judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding article, or if there be no such workhouse, farm or improvement, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at One Dollar for each day thereof; provided that the provisions of this Act shall not apply to counties not having poor farms."

We revert now to Article 1018 C. C. P. and consider it in connection with Article 793. Because in Article 1018 it is said "the costs and fees paid by the State * * * shall be a *charge*" it does not in our opinion follow by any means that appellant can be held in jail at a credit rate of one dollar per day to satisfy any part thereof. Article 1018 further provides that when the costs and fees which are a *"charge"* are *"collected"* they shall be paid into the State Treasury. In no sense can the imprisonment in jail at a credit rate of one dollar per day be regarded as a *collection* of the costs; at most it is only the *satisfaction* of costs in the manner provided where there is a failure to pay upon a misdemeanor conviction. Under such circumstances in no way could the state be reimbursed for costs theretofore paid by the state without the law required the county to make payment to the state on some basis for the time accused was held in jail. There is no such law. We conclude that the costs and fees already paid by the state cannot be collected save by execution as in civil suits under the provisions of Art. 791 C. C. P. The opinion in Ex parte Spiller (supra) upon this point is expressly overruled.

The order remanding appellant was made by the court below on the first day of October, 1928, which was 104 days from the time he was placed in jail. He could properly be held for the 45 days jail sentence, and for 88 days additional at the credit rate of one dollar per day under Art. 793 C. C. P. to satisfy the $87.70 costs properly taxed against him, which time would not expire until the 30th day of October, 1928. The case is briefed on the theory that appellant had served the 45 days in jail to satisfy the jail sentence and also an additional forty days which entitled him to a credit of forty dollars on the costs, and that he had paid the balance of $47.70. This is averred in the application for the writ of habeas corpus to be true, but is in no way supported by the statement of facts brought before us. If it had been so supported the proper order under our conclusion as to the law would be to reverse the judgment and order appellant discharged. It appears however from the record that ap-

pellant was seeking release twenty-nine days before he was entitled thereto, hence the trial court properly remanded him. It further appears that appellant was released on recognizance pending this appeal. The proper order appears to be that the judgment remanding appellant be affirmed with instructions to the lower court to discharge him after he has served an additional time in jail to satisfy the balance, if any, due on the $87.70 at the credit rate of one dollar per day, or upon payment of whatever balance is due thereon.

*Affirmed.*