No. 14119.   Delivered April 1, 1931.
Rehearing Denied June 17, 1931.

The opinion states the case.

*Donald & Donald,* of Bowie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault, punishment being assessed at a fine of $100.

The record is here without statement of facts or bills of exception. In such condition nothing is presented for review.

The judgment is ‘affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The contention is made that the conviction for an aggravated assault cannot be had under an indictment for an assault with intent to murder. Such an indictment includes aggravated assault and simple assault. See Bittick v. State, 40 Texas Crim. Rep., 117; Green v. State, 8 Texas App., 71, and many other cases collated in Branch's Ann. Tex. P. C., sec. 1628.

In the present instance, the record shows that the appellant was tried under an indictment for assault with intent to murder and the jury returned a verdict of aggravated assault, which disposes of the higher grade of assault.

The criticisms of the charge of the court are untenable. There were no exceptions presented to the charge. The evidence before the trial court is not brought forward for review. Without the evidence, an appraisement of the charge is not possible. The idea that the charge is fundamentally bad because it authorized the consideration of the offense of aggravatd assault under the indictment, as stated above, is not regarded as sound.

In the judgment it is declared that the state of Texas, "do have and recover of the defendant, the said fine of $100 and all costs of this prosecution, that he be committed to jail until such fine and costs are paid, and that execution issue against his property in the amount of such fine and costs." It is the appellant's contention that since the prosecution was established upon an indictment charging felony, and by the verdict of the jury he was found guilty merely of a misdemeanor, he cannot be imprisoned for the costs of the felony prosecution. The exact point was decided against appellant's contention in Overstreet v. State, 112 Texas Crim. Rep., 182, 15 S. W. (2d) 1039.

Motion for rehearing is overruled.

*Overruled.*