EX PARTE ACIE NEELEY.

No. 14434. Delivered June 24, 1931.
Rehearing Denied October 21, 1931.

The opinion states the case.

*A. A. Dawson,* of Canton, for appellant.

*Paul H. Stanford,* District Attorney, of Canton, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This is an appeal from an order refusing to discharge the relator upon writ of habeas corpus. The relator was convicted under article 1442-B, Acts of 1929, Forty-first Legislature, p. 247, chap. 108, sec. 1, wherein the theft of chickens was made a felony, regardless of the penalty assessed. On the 2nd day of February, 1931, relator was convicted in three cases in the district court of Van Zandt county of a felony, to-wit, the theft of chickens, and his punishment assessed at a fine of $50 in each case. Sentence was pronounced on the 2nd day of February, 1931. On said day he was placed in jail. He sought release by habeas corpus proceedings before the judge of the court in which he was convicted and from an order remanding him, he prosecutes this appeal.

There seems to be no contention in this case but that the relator has been incarcerated in jail under the sentences imposed upon him by the court a sufficient length of time to satisfy the fines imposed, but not the costs, amounting to $621, and on the hearing relator was remanded to the custody of the sheriff until such time as the costs accrued in the three cases were fully paid and satisfied. The record shows that all the costs in the three cases, to which appellant plead guilty, have been fully paid by the state and under the record the only question presented to this court is the question as to whether or not a person convicted of a felony and whose punishment is assessed at a fine and who has served sufficient length of time in jail to discharge the full amount of the fine against him, can be held in jail at a credit rate of one dollar per day to satisfy the costs or any part thereof, after all the costs incurred have been paid in full by the state.

Article 781-a, Acts of 1929, Forty-first Legislature, p. 236, chap. 101, sec. 1, provides:

"When a person is convicted of a felony, and the punishment assessed is only a fine or a term in jail, or both, the judgment may be satisfied in the same manner as a conviction for a misdemeanor is by law satisfied."

Prior to the enactment of said statute, there was no statute providing how a person convicted of a felony and his punishment assessed at a fine only could satisfy said fine, if he was unable to pay the same.

Under the record in this case and the decisions of this court, we deem it unnecessary to discuss said statute and the effect thereof, because it is conceded that the fines have been satisfied and the detention of the relator is only for the costs, and the same rules as to the satisfaction of the costs would apply whether the relator had been indicted for a felony and convicted of a misdemeanor, or whether he was indicted for a felony and convicted of a felony, and a fine alone imposed.

Article 793, C. C. P., provides: .

"When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment, be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at three dollars for each day thereof."

The amendment to said article 793 (Acts 1927, 40th Leg., 1st C. S., p. 194, ch. 68, sec. 1) reads as follows:

"Amended by changing 'three dollars' in the last line to 'one dollar,' and adding 'provided that the provisions of this Act shall not apply to counties not having poor farms'."

Article 1018, C. C. P., reads as follows:

"When the defendant is convicted, the costs and fees paid by the State under this title shall be a charge against him, except when sentenced to death or to imprisonment for life, and when collected shall be paid into the State Treasury."

In the case of Ex parte Hill, 111 Texas Crim. Rep., 426, 15 S. W. (2d) 14, wherein the defendant was prosecuted for murder and was found guilty of aggravated assault and his punishment assessed at confinement in the county jail for forty-five days and prior to the defendant's conviction of a misdemeanor all costs were paid by the state except the sum of $87. The costs which had theretofore been paid by the state while the felony charge was pending aggregated $1,471.20. The judgment entered against appellant in that case recited that he was not only adjudged to serve the forty-five days in the county jail but that all costs of the prosecution, including the $1,471.20, were adjudged against him. The defendant's contention in that case was that he could not be legally held in jail at the rate of one dollar per day to satisfy the costs or any part thereof which had been previously paid by the state. Judge Hawkins in rendering the opinion in that case, after an exhaustive review of all the statutes bearing upon the collection of costs in criminal cases, in construing article 1018, C. C. P.,

and considering said article in connection with article 793, used the following language:

"We revert now to article 1018, C. C. P., and consider it in connection with article 793. Because in article 1018 it is said 'the costs and fees paid by the State * * * shall be a *charge,*' it does not in our opinion follow by any means that appellant can be held in jail at a credit rate of $1 per day to satisfy any part thereof. Article 1018 further provides that when the costs and fees which are a *'charge'* are *'collected',* they shall be paid into the state treasury. In no sense can the imprisonment in jail at a credit rate of $1 per day be regarded as a collection of the costs; at most it is only the satisfaction of costs in the manner provided where there is a failure to pay upon a misdemeanor conviction. Under such circumstances in no way could the state be reimbursed for costs theretofore paid by the state without the law required the county to make payment to the state on some basis for the time accused was held in jail. There is no such law. We conclude that the costs and fees already paid by the state cannot be collected save by execution as in civil suits under the provisions of article 791, C. C. P. The opinion in Ex parte Spiller, 63 Texas Crim. Rep., 93, 138 S. W., 1013, upon this point, is expressly overruled."

The record showing that the relator is being held for the costs alone, all of which have been fully paid by the state of Texas, and no other cause for holding him appearing, he will be ordered discharged, but this holding in no wise prevents issuance of an execution in behalf of the state for the costs paid by the state, enforceable against any property of the relator which may be under the law liable therefor.

The judgment remanding relator until all costs be paid is reversed and he is ordered discharged.

*Reversed and appellant ordered discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The state, through the able district attorney of Van Zandt county, files a motion for rehearing insisting that this appellant should be confined in the county jail of Van Zandt county until he has discharged at a credit rate of $1 per day the full amount of $621, same being the amount of costs in three felony cases in which the punishment was by fine and imprisonment. It is admitted in the statement of facts that the costs above referred to have all been paid by the state, but the contention now made seems in some way to insist that by keeping this appellant confined in jail and allowing him a credit of one

dollar per day for 621 days, that a situation will arise out of which the county should refund to the state said sum. Analysis of this proposition seems to make clear the fact that the county, if the contention of the state be correct, would have to care for and feed this appellant as an inmate of the county jail for practically two years, and in addition would have to then from some fund in some way pay into the state coffers the sum of $621. As said by this court in Ex parte Hill, 111 Texas Crim. Rep., 426, 15 S. W. (2d) 14, there is no such law. It is also pointedly held in the case just referred to that there is no provision made by which the county can be compelled to refund to the state what is supposed to represent costs paid out by the latter to officers, as earned by them in the prosecution of one who has been charged with a felony and convicted and punished by fine and imprisonment. We think the learned district attorney misapprehends the holding of this court in Overstreet v. State, 112 Texas Crim. Rep., 182, 15 S. W. (2d) 1039. In that case,—and the law of every case is controlled by the facts before the court,—we merely held that one on trial for a felony, *which included a misdemeanor,* who was convicted of such included misdemeanor upon the felony trial, could be compelled to pay the costs *accruing upon that trial,* by the ordinary means resorted to to collect costs in misdemeanor cases. It seems necessary for us to make a distinction between the costs incurred in other and former trials of such cases, which costs have already been paid by the state, and those costs accruing upon the trial which results in the misdemeanor conviction.

If in the instant case it was not admitted in the statement of facts that the costs amounting to $621 had already been paid by the State, a different legal question might be presented, but there being such admission, the case is controlled by what we said in Ex parte Hill, supra. It might be possible that if this appellant had been put upon trial and convicted and punished by fine and imprisonment, and the costs of that trial taxed against him, and no attempt made to collect them otherwise than through imprisonment in the county jail, this court might hold upon such as it did hold in the Ex parte Hill case, supra.

Being of opinion that the case was properly decided originally, the state's motion for rehearing will be overruled.

*Overruled.*