

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
WXXXXWXXXON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable E. L. Hinson, Jr.
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-4924
Re: Fees of office--Justice of the
Peace--Constables--Article 1055
C. C. P.--Proration of costs and
other related matters.

Your request for opinion upon the following stated questions:

"(1)   Under Article 1055 of the Code of Criminal Procedure, and according to your recent Opinion, which holds the county liable to each officer and witness having cost in a misdemeanor case for only one-half thereof where the defendent has satisfied the fine and costs adjudged against him in full by labor in the workhouse or public roads of county or serving same in jail, is the county to pay the Justice of the Peace or Constable or other officers their fee at the time of conviction or when the defendent has satisfied his fine in full by labor or laying same out in jail.

"(2)   Where a defendent pays part of his fine and works or lays the balance out in jail, dont the different fee officers get that part of cash payment by percentage basis.  I mean by this that the Fine, Fee, County Attorney, County Clerk, Sheriff or Constable should get their per cent of the part payment on the fine and then the unpaid part will be paid out of the Road & Bridge Fund as one-half fee.

"(3)   Where a defendent has been convicted and has been assessed a fine in the Justice of Peace Court, can the Justice of the Peace turn him loose or discharge him with the promise that the defendent will pay fine or should he turn him over to the Sheriff until fine is paid or the defendent

is permitted to work out fine.  Can the Justice of
the Peace commit the defendent to work out his fine
with the county work house or on the county Roads
or should not the Justice of the Peace commit him
to the sheriff and then the sheriff would see that
he works out the fine or lays same out in jail."

Article 1055, Vernon's Annotated Texas Code of Crim-
inal Procedure, reads as follows:

"The county shall not be liable to the officer
and witness having costs in a misdemeanor case
where defendant pays his fine and costs.  The coun-
ty shall be liable for one-half of the fees of the
officers of the Court, when the defendant fails
to pay his fine and lays his fine out in the coun-
ty jail or discharges the same by means of working
such fine out on the county roads or on any county
project.  And to pay such half of costs, the Coun-
ty Clerk shall issue his warrant on the County
Treasurer in favor of such officer to be paid out
of the Road and Bridge Fund or other funds not
otherwise appropriated.  As amended Acts 1937,
45th Leg., p. 1323, ch. 488,§1 ; Acts 1939, 46th
Leg., p. 143, § 1."

Article 1052, Vernon's Annotated Texas Code of Crimi-
nal Procedure, provides for the payment of certain fees to
the County Judge and Justice of the Peace by the county and
reads as follows:

"Three Dollars shall be paid by the county
to the County Judge, or Judge of the Court at Law,
and Two Dollars and fifty cents shall be paid by
the county to the Justice of the Peace, for each
criminal action tried and finally disposed of be-
fore him.  Provided, however, that in all counties
having a population of 20,000 or less, the Justice
of the Peace shall receive a trial fee of Three
Dollars.  Such Judge or Justice shall present to
the Commissioners' Court of his county at a regu-
lar term thereof, a written account specifying
each criminal action in which he claims such fee,
certified by such Judge or Justice to be correct,
and filed with the County Clerk.  The Commission-
ers' Court shall approve such account for such
amount as they find to be correct, and order a
draft to be issued upon the County Treasurer in
favor of such Judge or Justice for the amount so
approved.  Provided the Commissioners' Court shall

not pay any account or trial fees in any case
tried and in which an acquittal is had unless the
State of Texas was represented in the trial of
said cause by the County Attorney, or his assist-
ant, Criminal District Attorney or his assistant,
and the certificate of said Attorney is attached
to said account certifying to the fact that said
cause was tried, and the State of Texas was repre-
sented, and that in his judgment there was suffi-
cient evidence in said cause to demand a trial of
same.  (As amended Acts 1929, 41st Leg., p. 239,
ch. 104, § 1; Acts 1929, 41st Leg., 1st C. S., p.
155, ch. 55, § 1.)"

The fees of the Justice of the Peace and County Judge
for their services in trials of misdemeanor cases, both on
pleas of guilty and contested cases, are payable by the county
as provided  by Article 1052, V.A.C.C.P., supra, Opinion No.
0-616 of this department holds, among other things that inso-
far as the Justice's and County Judge's fee are concerned the
manner in which judgments in misdemeanor cases are satisfied
is immaterial and that the Judge or Justice is entitled to be
paid by the County the full fee as provided by Article 1052,
V.A.C.C.P., for each criminal action tried and finally disposed
of by him, regardless of whether the fine and costs are ever
collected or satisfied.  In other words the right of the Judge
or Justice to his fee under Article 1052, V.A.C.C.P., does not
depend upon the collection or satisfaction of the fine and
costs, and is a fee not collected from the defendant upon con-
viction but is strictly a fee to be paid the Judge or Justice
by the county.

Trial fees are assessed under the provisions of Arti-
cle 1074, Vernon's Annotated Texas Code of Criminal Procedure,
which reads as follows:

"In each case of conviction in a county Court,
or a County Court at Law, whether by a jury or by
a Court, there shall be taxed against the defendant
or against all defendants, when several are held
jointly, a trial fee of Five Dollars, the same to
be collected and paid over in the same manner as
in the case of a jury fee, and in the Justice Court
the trial fee shall be the sum of Four Dollars.
(As amended Acts 1929, 41st Leg., p. 496, ch. 236,
§ 1; Acts 1929, 41st Leg., 1st C. S., p. 156, ch.
56, §1. )"

Article 1065, Vernon's Annotated Texas Code of Crimi-
nal Procedure, provides certain enumerated fees for sheriffs

and other peace officers (Including constables) who perform services in misdemeanor cases, to be taxed against the defendant on conviction. Article 1061 and Article 1068, Vernon's Annotated Texas Code of Criminal Procedure, provide, among other things, certain enumerated fees for county attorneys to be taxed against the defendant on conviction.

Articles 783, 787, 788, 789, 793, 794, 795, 797 and 920, Vernon's Annotated Texas Code of Criminal Procedure, read as follows:

"Art. 783. (867) (845) As to fine

"When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs."

"Art. 787. (871) (849) Pay or jail

"When a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged as provided by law. A certified copy of such judgment shall be sufficient to authorize such imprisonment. (O. C. 694, 695.)"

"Art. 788. (872) (850) If defendant is absent

"When a pecuniary fine has been adjudged against a defendant not present, a capias shall forthwith be issued for his arrest. The sheriff shall execute the same by placing the defendant in jail."

"Art. 789. (873) (851) Capias shall recite what

"Where such capias issued, it shall state the rendition and amount of the judgment and the amount unpaid thereon, and command the sheriff to take the defendant and place him in jail until the amount due upon such judgment and the further costs of collecting the same are paid, or until the defendant is otherwise legally discharged. (O. C. 700.)"

"Article 793.  (878)  (856)  Fine discharged

"When a defendant is convicted of a misde-
meanor and his punishment is assessed at a pecun-
iary fine, if he is unable to pay the fine and
costs adjudged against him, he may for such time
as will satisfy the judgment be put to work in
the workhouse, or on the county farm, or public
improvements of the county, as provided in the suc-
ceeding article, or if there be no such workhouse,
farm or improvements, he shall be imprisoned in
jail for a sufficient length of time to discharge
the full amount of fine and costs adjudged against
him; rating such labor or imprisonment at Three
Dollars ($3.00) for each day thereof.  As amended
Acts 1927, 40th Leg., 1st C. S., p. 194, ch. 68,
§ 1; Acts 1934, 43rd Leg., 2nd C. S., p. 85, ch.
33, § 1."

"Art. 794.  To do manual labor

"Where the punishment assessed in a convic-
tion for misdemeanor is confinement in jail for
more than one day, or where in such conviction
the punishment is assessed only at a pecuniary
fine and the party so convicted is unable to pay
the fine and costs adjudged against him, those
so convicted shall be required to do manual labor
in accordance with the provisions of this article
under the following rules and regulations:

"1.  Each commissioners court may provide for
the erection of a workhouse and the establishment
of a county farm in connection therewith for the
purpose of utilizing the labor of said parties so
convicted.

"2.  Such farms and workhouses shall be under
the control and management of the commissioners
court, and said court may adopt such rules and
regulations not inconsistent with the laws as they
deem necessary for the successful management and
operation of said institutions and for effectively
utilizing said labor.

"3.  Such overseers and guards may be employed
under the authority of the commissioners court as
may be necessary to prevent escapes and to enforce
such labor, and they shall be paid our of the county
treasury such compensation as said court may prescribe.

"4.  Those so convicted shall be so guarded while at work as to prevent escape.

"5.  They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm.

"6.  They shall be required to labor not less than eight nor more than ten hours each day, Sundays excepted.  No person shall ever be required to work for more than one year.

"7.  One who refuses to labor or is otherwise refractory or insubordinate may be punished by solitary confinement on bread and water or in such other manner as the commissioners court may direct.

"8.  When not at labor they may be confined in jail or the workhouse, as may be most convenient, or as the regulations of the commissioners court may prescribe.

"9.  A female shall in no case be required to do manual labor except in the workhouse.

"10.  One who from age, disease, or other physical or mental disability is unable to do manual labor shall not be required to work, but shall remain in jail until his term of imprisonment is ended, or until the fine and costs adjudged against him are discharged according to law.  His inability to do manual labor may be determined by a physician appointed for that purpose by the county judge or the commissioners court, who shall be paid for such service such compensation as said court may allow.

"11.  One convicted of a misdemeanor whose punishment either in whole or in part is imprisonment in jail may avoid manual labor by payment into the county treasury of one dollar for each day of the term of his imprisonment, and the receipt of the county treasurer to that effect shall be sufficient authority for the sheriff to detain him in jail without labor."

"Art. 795.  (879)  (857) Authority for imprisonment

"When, by the judgment of the court, a defendant

is to be imprisoned in jail, a certified copy
of such judgment shall be sufficient authority for
the sheriff to place such defendant in jail."

"Art. 797. (881) (859) Discharge of defendant

"A defendant who has remained in jail the
length of time required by the judgment shall be
discharged. The sheriff shall return the copy of
the judgment, or the capias under which the de-
fendant was imprisoned, to the proper court, stat-
ing how it was executed."

"Art. 920. (1015) (980) Discharged from jail

"A defendant placed in jail on account of
failure to pay the fine and costs can be dis-
charged on habeas corpus by showing:

"1. That he is too poor to pay the fine and
costs, and

"2. That he has remained in jail a suffi-
cient length of time to satisfy the fine and
costs, at the rate of three dollars for each day.

"But the defendant shall, in no case under
this article, be discharged until he has been im-
prisoned at least ten days; and a justice of the
peace may discharge the defendant upon his showing
the same cause, by application to such justice;
and when such application is granted, the justice
shall note the same on his docket."

The court of Criminal Appeals of Texas has definitely
recognized that prisoners should be given credit on their fines
and costs for service in jail or in the workhouse or other pub-
lic works. The court also definitely recognized the right of
a convict to serve part of his time in jail and pay the balance
in cash. See the case of Ex parte Hill, 15 S.W. (2d) 14 (Texas
Court of Criminal Appeals).

The Court of Criminal Appeals of Texas has recognized
a distinction between the credit to be allowed for service in
jail under Article 793 and Article 920 of the Code of Criminal
Procedure. Article 793, supra, applies to the satisfaction of
judgments in misdemeanor cases in courts other than justice
courts. Article 920, supra, applies alone to convictions be-
fore justices of the peace. See Ex parte Fernandez (Texas
Court of Criminal Appeals), 57 S.W. (2d) 578 and Ex parte Mc
Laughlin (Texas Court of Criminal Appeals), 60 S.W. (2d) 786.

We quote from opinion No. 0-441 of this department as follows:

"It is the opinion of this department that $3.00 per day is the proper rate for allowance or credit to be given prisoners who have been convicted of misdemeanors for serving time in jail, or for working out their fines as provided by law..... It is the further opinion of this department that Article 920 of the Code of Criminal Procedure of Texas applies only to convictions obtained in justice courts but the same is mandatory as applied to justice courts. For example, A, B and C are all convicted in justice courts for misdemeanor. A's fine and costs amount to $15.00; B's fine and costs amount to $30.00 and C's fine and costs amount to $45.00. Under Article 920 of the Code of Criminal Procedure of Texas, although said article allows $3.00 per day for jail service, said article further provides a minimum of ten days imprisonment. A must serve the minimum of ten days. B's fine and costs amount to $30.00 which divided by $3.00 would make ten days. C's fine and costs amount to $45.00; he is allowed $3.00 per day; he must serve 15 days."

We quote from opinion No. 0-1015 of this department, rendered September 8, 1939, as follows:

"It is therefore our opinion that a prisoner convicted in the justice court, when his total fine and costs is a sum under $30.00 should receive credit for only one-tenth of the total amount for each day he serves. To illustrate, and carry Mr. _____'s example further, A, whose fine and costs amount to $15.00 should receive credit for $1.50 for each day served in custody; should he elect to pay the balance of his obligation in cash after five days in jail, he should be required to pay $7.50 in cash."

Opinion No. 0-1578 of this Department holds that a constable is entitled under Article 1055, Code of Criminal Procedure of Texas, to half costs on that part of the time a defendant remains in jail or works for the county when he so discharges part of the fine and costs and pays off a part, and that the same shall be properly prorated.

Opinions Nos. 0-469 and 0-755 of this department hold that where only a part of the fine and costs are collected,

that the money collected should go first to the payment of the costs and the balance, if any, to the amount of the fine and that where there is not enough collected to pay all of the costs, the money should be prorated and that in such a case one officer had no priority over another. We quote from opinion No. 0-755 as follows:

"In view of the trial fee above provided, being a part of the costs, and by reason that the justice of the peace is paid by the county, it is our opinion that the $8.50 in question should be prorated on the basis of $5.00 to the county attorney; $5.50 to the constable and $4.00 to the county, which figures approximately sixty-four and a fraction cents on the dollar. The county would get its prorata part of the payment.

Opinions Nos. 0-469 and 755, supra, cite Article 949 of the Code of Criminal Procedure of Texas, which reads as follows:

"Money collected by an officer upon recognizance, bail bonds and other obligations recovered under any provisions of this code, and all fines, forfeitures, judgments and jury fees, collected under any provisions of this code, shall forthwith be paid over by the officers collecting the same to the county treasurer of the proper county after first deducting therefrom the legal fees and commissions for collecting same." (Underscoring ours)

We quote from opinion No. 0-1792 of this department as follows:

"5. In answer to your fifth question, it is the opinion of this department that where only a part of the fine and costs are collected, that the money collected should go first to the payment of the costs and the balance, if any, to the amount of the fine, and that where there is not enough collected to pay all the costs, the money collected should be prorated between the arresting officer, the county attorney and the county. That no officer has priority over another in such matter. For example, if the fine and costs amount to $23.00, as in your case, the fee of the county attorney amounts to $5.00; the fee of the constable amounts to $13.00 and the trial fee amounts to $4.00; if the defendant paid $6.00 in cash and the balance is worked out on the county farm the arresting of-

ficer would be entitled to $3.55 of the cash payment, the county attorney would be entitled to $1.36 of the cash payment and the county (as its portion of the trial fee) would be entitled to receive $1.09 of the cash payment. The arresting officer and the county attorney would also be entitled to receive payment from the county under Article 1055, Code of Criminal Procedure of Texas, one-half of the balance of their fees for the time the defendant worked out the balance of his fine and costs. Under the example quoted above the arresting officer would be entitled to receive from the county the sum of $4.72; the county attorney would be entitled to receive from the county the sum of $1.82. The total sum received by the arresting officer from both sources would be $8.27; the total sum received by the county attorney from both sources would be $3.18."

We answer your first question as follows:

It is our opinion that Article 1055, V.A.C.C.P., has no application to the fees due the Justices of the Peace and County Judges for their services in trying and finally disposing of criminal cases inasmuch as they are entitled to full fees from the county under Article 1052, V.A.C.C.P. for each criminal action tried and finally disposed of, irrespective of the collection or satisfaction of the judgments they render.

It is our opinion that county attorneys, constables, sheriffs and clerks having costs in a misdemeanor case are not entitled to one-half fees under Article 1055, V.A.C.C.P., prior to satisfaction of the judgment by jail service, county farm service, road work service or other legal service on other county projects as contemplated by Article 1055, V.A.C.C.P. However, if the judgment is satisfied in part only by such jail or other service under said Article 1055 said officers would be entitled to half-costs on the portion of the judgment which is satisfied. See Limited Conference Opinion No. 0-1578 of this department, a copy of which is enclosed herewith.

We answer your second question as follows:

It is our opinion under the facts stated in your second question that the money collected should go first to the payment of the costs and the balance, if any, to the payment of the fine, and that where there is not enough collected to pay all the costs, the money collected should be prorated among the officers having costs in the case and the county (for its trial fee). That no officer has priority over

another officer or over the county in such proration.  The officers having costs in such case would also be entitled to half-costs from the county under said Article 1055, for the portions of time served in jail or other authorized service. In this connection see our quotation above in this opinion quoting from opinion No. 0-1792 of this department which thoroughly explains this matter in detail.

Article 1055, supra, provides that such half-costs shall be paid "out of the Road and Bridge Fund or other funds not otherwise appropriated".

We answer your third question as follows:

This department has repeatedly held that the Justice of the Peace has absolutely no authority to release a defendant who is finally convicted and a fine assessed against him on the defendant's promise to pay later or on any other promise. We have likewise held repeatedly that if a Justice were to attempt to make such order the Sheriff or Constable should ignore the order and place the defendant in jail or on the county farm or other authorized county project for the satisfaction of the fine and costs, unless the defendant paid the fine and costs. We have likewise repeatedly held that the Sheriff or Constable or other arresting officer would be in the position of unlawfully permitting a prisoner to escape if they failed to do their duty by not collecting the fine and costs or by not taking the convicted defendant in custody.

It is our further opinion that the judgment of conviction in a misdemeanor case will authorize the Sheriff to proceed in the statutory methods of collection of the fine and costs and that no further orders from the Justice of the Peace are necessary. In other words if the defendant does not pay the fine and costs adjudged against him the Sheriff should then place him in jail, or on the county farm or other authorized county project to work out his fine and costs. It should be borne in mind, however, that the county farm is under the supervision of the Commissioners' Court and that such court has the power to enact rules and regulations concerning the operation of such farm and the Sheriff must, of course, be guided by the wishes and desires of the Commissioners' Court as to the number of and necessity for prisoners to be placed upon said county farm. It is likewise true that it would be for the Commissioners' Court to determine the necessity or advisability of working county prisoners on the county roads or other authorized county projects.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
    Wm. J. Fanning
    Assistant

WJF:mp:wc
Encl.

APPROVED OCT 24, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman