

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 25, 1972

Honorable Tom Hanna
Criminal District Attorney
Jefferson County Courthouse
Beaumont, Texas 77701

Opinion No. M-1076

Re: Questions concerning
responsibility of
County for Court
costs due Criminal
Justice Planning Fund
pursuant to Senate
Bill 841, Acts 62nd,
Leg. R.S., 1971,

Dear Mr. Hanna:

(Art. 1083, V.C.C.P.)

In your opinion request, you ask the following questions:

1. "Should convicted defendant earn credit toward cost of court by serving time in jail - is balance paid by defendant to be pro rated among County Departments or is full amount due Criminal Justice Planning Fund deducted first?"

2. "Should convicted defendant earn credit toward cost of court by serving time in jail and balance paid by defendant is insufficient to cover the amount Criminal Justice Planning Fund - is the County responsible for the balance due Criminal Justice Planning Fund?"

3. "Should convicted defendant earn enough credit to clear all cost of court - is the County held responsible to the State for the amount due the Criminal Justice Planning Fund?"

The Texas Code of Criminal Procedure, Article 1083,

Sections 1-11, creates the Criminal Justice Planning Fund and provides for costs of court "to be borne in part by those who necessitate the establishment and maintenance of the criminal justice system." The statute also provides for the appropriation and expenditure of said funds and reappropriation of said funds.

The Criminal Justice Fund provides all the required state and local cash matching requirements in the Omnibus Crime Control and Safe Streets Act as amended by the Omnibus Crime Control Act of 1970. Approximately three fourths of all funds raised are passed through to the cities and counties for programs within the criminal justice system.

In regard to your first question, it is observed that whereas Article 1083 authorizes certain fees to be collected as cost of court, which ultimately are to be paid to the Criminal Justice Planning Fund, no provision is there found that these costs are to have priority of payment over other costs of Court. Nor is any pro ration of costs expressly authorized should only a portion of the costs be paid by a convicted defendant. However, Section 5 of Article 1083 provides as follows:

> "The costs due the State under this
> Act shall be collected along with
> and in the same manner as other fines
> or costs are collected in the case."

It therefore-follows that if the costs taxed in Article 1083 are to be collected in the same manner as other costs, a convicted defendant may discharge the court costs by service in jail. Articles 42.15, 43.09, 45.53, 1019, Texas Code of Criminal Procedure. The Court of Criminal Appeals of Texas has long recognized that persons should be given credit on their fine and costs for service in jail, or in connection with other types of penal service. The court has also recognized the right of a person to serve part of his time in jail and pay the balance in cash. Ex Parte Hill, 15 S.W.2d 14 (Tex.Crim. 1929).

This office has previously held in Attorney General's

Opinions Numbers 0-469 (1939), 0-755 (1939) and 0-1792 (1940) that where only a part of the fine and costs are collected, such money as collected should go to the payment of the costs and the balance, if any, to the payment of the fine; and where there is not enough collected to pay all of the costs, the money should be pro rated in view of the fact that no cost had any priority over another.

Accordingly we conclude, in view of the language of Section 5, together with the prior cited opinions of this office, as well as the lack of any expressed provision requiring funds appropriated under Article 1083 to be deducted first, that the costs taxed and owed to the Criminal Justice Planning Fund do not have priority of payment over other costs of court; and should only a portion of the costs be satisfied by cash, the only equitable and valid disposition would be proration.

In answer to your questions 2 and 3 concerning the responsibility of the County for court costs due the Criminal Justice Planning Fund pursuant to Article 1083, we believe it is clear from the purpose of the statute (as set out in Section 1) that the legislature intended that convicted defendants pay the costs, not the County or State. The State would not be entitled to reimbursement for those costs without a law requiring the County to make payment to the State on the basis of the time the convicted Defendant was hald in jail. We have no existing law to such effect. Furthermore, in Sections 6 and 7 of Article 1083, the statute distinctly provides that the county is responsible for the funds collected and that those funds be remitted to the Comptroller of Public Accounts. We find no indication in the statute that the Legislature intended the County to be responsible for costs due the Criminal Justice Planning Fund when uncollected or satisfied by service in jail. Absent such a statute, the County would not be liable for such costs.

Therefore you are respectfully advised that our opinion is that the county is not required to pay out of county funds any portion of court costs due the Criminal Justice Planning Fund which are served out in jail by a convicted defendant. Whenever a convicted defendant pays only a

portion of the total court costs due and serves out the rest of the costs in jail, the money collected is to be pro rated.

## S U M M A R Y

The county is not required to pay out of county funds any portion of the court costs due to the Criminal Justice Planning Fund which are served out in jail by a convicted defendant. If a convicted defendant pays a portion of the total court costs and serves out the remainder of the costs in jail, the money collected is to be pro rated among the various costs including the amount due the Criminal Justice Planning Fund. No cost has priority over another.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Guy C. Fisher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Austin Bray
Bob Gauss
Bill Flanary
Glenn Brown

SAMUEL D. McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant