Azzie PRUITT, III, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 48436, 48437.

Court of Criminal Appeals of Texas.

May 8, 1974.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The appellant entered pleas of guilty to two cases, one for burglary with intent to commit theft, and one for robbery, before the court without a jury; the punishment, twelve (12) years and forty (40) years.

■ The first complaint in both appeals is that the evidence is not sufficient because the court reporter's notes do not show that sufficient evidence was introduced. However, ample written evidence was actually introduced and stipulated, the exhibits were shown by the statement of facts to have been introduced in evidence, marked filed as exhibits, and are shown in the transcript certified by the Clerk of the District Court, Bill Shaw.

Art. 1.15, Vernon's Ann.C.C.P., requires the introduction "into the record" of evidence showing the guilt of the defendant. Thus, since the written stipulated evidence was in evidence and appears in the record certified by the Clerk, it is before us and is sufficient to show appellant's guilt in both cases.

We overrule ground of error number one.

■ Next, appellant contends that the sentences are unconstitutional because, in addition to ordering confinement for the number of years assessed, they also contain the words, "and $25 costs." He contends that since the record indicates his indigency he is ordered to be confined on account of his being poor, contrary to the holding

in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130. What is therein prohibited is that the State must not impose a fine and then automatically convert it "into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full." It is true that the sentences provide for $25 costs, but do not order appellant confined until he pays the costs. As written the costs provisions of the sentences constitute only judgments and not orders for imprisonment.

Art. 1018, V.A.C.C.P., provides as to felony convictions that when a defendant is convicted, the costs and fees paid by the State shall be a charge against him.

 We are not called upon herein to determine if the State paid any costs or fees in these cases. Assuming without deciding that appellant was liable for the amount of $25 costs in each of these cases, nevertheless he could not be imprisoned in lieu of payment therefor.

It was so held in Ex parte Smith, 110 Tex.Cr.R. 335, 8 S.W.2d 139, where this Court said:

> "The state is primarily liable for costs in felony cases; and while we recognize that, under the provisions of article 1018, C.C.P. 1925, in such cases, save those punished by death or imprisonment for life, all costs and fees paid by the state shall become a charge against the convict, still we will never subscribe to the doctrine that, when such convict serves out his term of imprisonment, whether it be one year or two, or 90 days, as the case may be, he may still be imprisoned an indefinite length of time in lieu of payment of costs accrued in such case. . . ."

The Court in Ex parte Byrd, 112 Tex. Cr.R. 19, 13 S.W.2d 855, opinion by Hawkins, J., reiterated this holding. See also Ex parte Hill, 111 Tex.Cr.R. 426, 15 S.W. 2d 14; Ex parte Neeley, 118 Tex.Cr.R. 171, 42 S.W.2d 445.

Thus, the appellant need have no fear that upon completion of his 40 and 12 years sentences in these cases, he can be held in confinement for nonpayment of the $25 cost bill owed by him in each case, whether he be indigent or not.

We overrule ground of error number two.

 Finally, appellant argues that the record does not reflect that he was present when the $25 costs were assessed against him. There is no contention that he was not present when he was sentenced. Since he was not sentenced to be held in confinement in lieu of the payment of costs, the assessment of costs was not a part of the sentencing process, and his presence was not required as to the costs as indicated under Art. 42.03, V.A.C.C.P. We overrule ground of error number three.

The judgments are affirmed.

Opinion approved by the Court.