## Ex Parte Pat Miller.

### No. 2581.    Decided January 28, 1903.

**1.—County Convict—Hiring Bond.**

A county judge has authority to receive a county convict from his hirer before the time for which he was hired has expired under the terms of the hirer's bond.

**2.—Same—Habeas Corpus.**

Where the county judge receives back a county convict from the hirer before he has paid his fine and costs, the convict is not entitled to habeas corpus for relief from custody until his fine and costs are paid.

Appeal from the County Court of Colorado. Tried below before Hon. J. J. Mansfield, County Judge.

Appeal from an order remanding relator, who was a county convict, to custody on proceeding by habeas corpus.

No briefs for either party have come to the hands of the Reporter.

DAVIDSON, Presiding Judge.—Relator had been convicted of a misdemeanor, the fine and costs amounting to over $200. He was placed upon the county poor farm, where he remained five days, when he was taken out under a convict bond, which was executed on the 20th of April, 1901. He remained out on the convict bond until about October 17, 1901, when he was returned by the hirer to and accepted by the county judge. Relator was again placed on the poor farm and remained twelve days, when, at the instigation of the original hirer and relator's attorney, Burford, the county judge agreed and permitted relator to leave the county farm for the purpose of making money to discharge the balance of his fine and costs. Not having done so, he was arrested during the month of November, 1902, under capias pro fine, and, on the 8th day of December, resorted to the writ of habeas corpus for his discharge. The contention, as we understand the record, is that the convict bond having been given and the relator released from custody under and by virtue of it, the subsequent return by the hirer and the acceptance of relator by

the county judge was void; and that the execution of the convict bond, under the facts stated, was of that character which could not be abrogated by the act of the hirer and the consent of the county judge. We believe this contention to be incorrect. There is no provision in our statute which prohibits the county judge from receiving back a convict after he has been hired out, or his acceptance of a convict under the circumstances detailed. This is a matter of contract, and, in a general way, may be said to be subject to the general rule and principles of contracts, and, as a method of policy, may frequently be of benefit to the convict. Where the convict has been hired out and escapes, the statute holds the hirer responsible for the full amount of the bond, unless the convict is rearrested and placed in the custody of the sheriff of the county in which he was convicted before such bond becomes due; but where this has been done, the hirer is only liable for the time the convict remains with him. But this statute relates only to convicts who escape. The statute authorizing the hiring of convicts seems to be full and ample, and leaves a large discretion with the county judge in making these contracts. It does not undertake to limit to one character of contract or require an indivisible contract; that is, it does not undertake to require the county judge to hire out convicts stretching over a sufficient time to cover the entire amount of fine and costs; and, if it did, this would frequently be found to be onerous, and even impossible. Persons are willing at times to hire convicts for a month, or for a limited period, when they would be unwilling to hire them for a longer time. Therefore, we believe the county judge did not err in receiving the convict back; and there was no error on his part in refusing to discharge him under the writ of habeas corpus, inasmuch as a sufficient length of time had not been served to pay off the fine and costs. The judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]