## Ex 'PARTE VALENTINE BIELA.

### No. 2835.   Decided June 24, 1904.

**Habeas Corpus—Seduction—Hiring Out Convict.**

Where appellant was convicted of seduction and his punishment assessed at a fine of $500 under the former law defining the offense of seduction, he was guilty of a felony, and the commissioners court have no authority to hire him out to work off his fine, neither can he be released on writ of habeas corpus.

From Karnes County.

Original application for habeas corpus for release from commitment in default of paying a fine of $500 and costs assessed upon a conviction for seduction.

The opinion states the case.

*M. B. Little,* for appellant.—The Code of Criminal Procedure provides rules for the execution of judgment in capital felony and for the enforcement of judgments in cases of misdemeanor and petty offenses, for the imprisonment of defendant in default of payment of fine and costs, and in what manner said fine may be discharged by labor and so on, but there is no rule provided in cases of felony.

The law is inoperative, because there is no way provided by which a person convicted can discharge the fine in any other way except by paying it in cash, and if a person without means is imprisoned for even a small amount, he could not discharge it and would be compelled to remain in custody indefinitely, as our Supreme Court holds in the case of Ward v. White, 86 Texas, 176, that a person convicted of felony was not a county convict, and could not be hired out, and if they are not county convicts, which we think is correct, then there is no rule provided by which a defendant could be relieved from imprisonment. For judgments in felony cases, see Willson's Code Crim. Proc., art. 831, et seq. For judgments in cases of misdemeanor, see Code Crim. Proc., art. 845, et seq.

If the court exceeded its jurisdiction in rendering said judgment and pronouncing said sentence, this court has jurisdiction to grant the writ of habeas corpus, and on hearing the same, if the judgment and sentence was rendered without legal authority and the applicant is.

being illegally restrained by virtue of said judgment and sentence, the court should discharge said applicant. Willson's Code Crim. Proc., art. 173; Holmon v. Mayor, 34 Texas, 668; 9 Enc. of Plead. and Prac., art. C, and notes under said article.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is an original application for the writ of habeas corpus from Karnes County. The facts relied upon by applicant are: That he was indicted charged with seduction committed on November 29, 1901. On March 10, 1904, appellant was tried upon said charge, was convicted, and his punishment assessed at a fine of $500, and all costs of court. Upon default in the payment thereof, he was remanded to the county jail. The fine and costs imposed against relator aggregate the sum of $998.27. Attached to the application is the return of the sheriff showing he placed applicant in jail on said judgment on March 9, 1904, where he has since been confined. Under article 967, Penal Code, the punishment for seduction is by imprisonment in the penitentiary not less than two nor more than five years or by fine not exceeding $5000. By the Laws of the Twenty-eighth Legislature (1903), page 221, the penalty for seduction was changed, and is now not less than two nor more than ten years in the State penitentiary, without any alternative fine, as in the statute cited. It will be noted that applicant violated the law prior to the last enactment of the Legislature, and hence the punishment applied under the former statute. He now seeks release on the ground that the law is inoperative, since there is no way provided by which a person convicted can be discharged from a punishment by fine except by paying it in cash, and if a person without means is imprisoned for even a small amount, and could not discharge it, he would be compelled to remain in custody indefinitely. Article 55, Code of Criminal Procedure, provides every offense which is punishable by death or by imprisonment in the penitentiary either absolutely or as an alternative, is a felony. Every other offense is a misdemeanor. Then, as applicant insists, this statute clearly makes the offense of which he was convicted a felony; and as applicant further insists, there is no authority in law for the commissioners court to hire out applicant, as the statute does not authorize such procedure in case of a felony. This exact question was passed upon by this court in Campbell v. State, 22 Texas Crim. App., 262; Woods v. State, 26 Texas Crim. App., 490; and also by the Supreme Court in Ward v. White, 86 Texas, 170. But does the fact that the commissioners court can not hire applicant out as under the misdemeanor law, authorize this court to order the discharge of applicant? There is no question as to the constitutionality of the law under which he was prosecuted; there is no question as to the accuracy and regularity of the trial and conviction; but the sole insistence is

made that he is entitled to be released from custody because the Legislature has failed to provide a means of fixing or carrying out the punishment inflicted upon him. This is a matter over which we have no control. We suggest to the Legislature in this conection that the unfortunate hiatus of the law in this regard should be obviated. There being no authority for releasing applicant under his application, the application is accordingly refused.

*Application refused.*