## JOSEPH v. TRAVIS COUNTY.
### (No. 1065—5282.)

Commission of Appeals of Texas, Section B.
April 24, 1929.

Cofer & Cofer, of Austin, for plaintiff in error.

John W. Hornsby, of Austin, for defendant in error.

SHORT, P. J. In this case Travis county sued the plaintiff in error, as principal, and two others (afterwards dismissed from the case for sufficient legal reasons), as sureties, to recover a balance of $30.40 due on a county convict bond. The case was tried before the district judge, who rendered judgment for the defendant in error, filing his findings of fact and conclusions of law. From the judgment rendered, the plaintiff in error appealed to the Court of Civil Appeals of the Third District. That court affirmed the judgment of the District Court. 8 S.W.(2d) 741.

The plaintiff in error presents, in his application for the writ of error, nine assignments of error alleged to have been committed by the Court of Civil Appeals. We have considered each of these assignments carefully, and overrule them, believing that the opinion of the Court of Civil Appeals correctly enunciates the law of the case.

The first assignment challenges the action of the Court of Civil Appeals in sustaining that of the District Court in overruling a general demurrer to the petition, which is in five paragraphs, the first of which alleges the residence of the original defendants; the second alleges that the convict, who is claimed to have been hired, was, on the 13th day of January, 1925, convicted in the county court of Travis county of the offense of aggravated assault in a certain numbered cause, and his punishment fixed at confinement in the county jail for a period of 30 days, together with the cost of the prosecution thereof, aggregating $37.90; the third alleges that on the 12th day of February, 1925, this judgment was in full force and effect, and that the original plaintiff hired the convict to the original defendant, the plaintiff in error here, and that the plaintiff in error, as principal and hirer, together with the other original defendants, as sureties, executed and delivered to the county judge and his successors in office, for the use and benefit of the county, a certain hiring bond, by the terms of which the plaintiff in error bound himself to pay said sum at the rate of $7.50 monthly, beginning on the 15th day of February, 1925; the fourth paragraph alleges that said hiring bond was duly approved by the county judge on the 12th day of February, 1925, and that $7.50 had been paid thereon, leaving a balance due of $30.40; the fifth paragraph alleged demand by the defendant in error and refusal by the plaintiff in error to pay the balance. The petition states a cause of action.

The second assignment of error, upon which the writ was granted, challenges the correctness of the opinion of the Court of Civil

Appeals in holding that the hiring bond statute (articles 6249–6256, Vernon's Complete Statutes 1920), but omitted in the Revised Statutes of 1925, applies to a person duly convicted of a misdemeanor, whose punishment has been assessed at confinement in the county jail only; it being the contention of the plaintiff in error that these articles contemplate the hiring of convicts whose punishments have been assessed at a fine only, and, as in this case no fine was assessed, the bond sued on could not form the basis of a cause of action. Article 783, Code of Criminal Procedure of 1925, formerly article 845, provides that when the defendant, in a criminal case, has been fined only, the judgment shall be that the state recover of him the amount of such fine and all cost of prosecution. Article 784 of Code of Criminal Procedure of 1925, formerly 846, provides that, "if the punishment is any other than a fine, the judgment shall specify it, and order" its enforcement "by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."

Article 7 of the present Penal Code, formerly article 9, provides that "this Code and every other law upon the subject of crime which may be enacted shall be construed according to the plain import of the language in which it is written, without regard to the distinction" made by "the construction of penal laws and laws upon other subjects." Article 23, Code Cr. Proc. 1925, formerly article 25, Code of Criminal Procedure, says: "The provision of this Code shall be liberally construed, so as to attain the object intended by the Legislature: The prevention, suppression and punishment of crime." It will be noted that article 783 of the Code of Criminal Procedure of 1925 authorizes the commitment of a person, who has been only fined, "to jail until [the] fine and costs are paid." This means that such person so fined shall not be discharged from liability until, not only the fine has been paid, but all costs incurred in the prosecution of the case. Article 784 of the same Procedure provides that where "the punishment is * * * other than a fine the judgment shall * * * adjudge the costs against the defendant, and order the collection thereof as in other cases." The collection of the cost in other cases, under the law, is made in several ways, among which, until the adoption of the Revised Statutes of 1925, was that provided by articles 6249–6256, Vernon's Complete Statutes 1920, the law in force at the time this bond was executed. The bond is but a means of enforcing the judgment, which is shown to be valid, subsisting, and unsatisfied. Ex parte Miller, 44 Tex. Cr. R. 422, 72 S. W. 183.

Article 797 of the Code of Criminal Proce-

dure of 1925, previously article 859, provides "that a defendant who has remained in jail for the length of time required by the judgment shall be discharged." In construing this article the Court of Criminal Appeals, in Ex parte Spiller, 63 Tex. Cr. R. 93, 138 S. W. 1013, declares that the word "judgment" includes the cost of the case, as provided by articles 783 and 784, supra. In the Spiller Case, the charge was murder. The trial resulted in a conviction for aggravated assault. The punishment was confinement in the county jail for 30 days. The defendant served the 30 days in jail, but at the end of that period he was denied his liberty on the ground that the costs of the prosecution of the case were not paid. Spiller sought his discharge from custody by habeas corpus proceedings. The Court of Criminal Appeals, in denying the relief sought, among other things, says: "The main contention of relator on this habeas corpus appeal is that, as he was convicted in said murder trial" for "aggravated assault and battery, and his punishment assessed at a term of 30 days in jail only and no pecuniary fine whatever was assessed against him, he cannot be held in confinement for the cost only, he having already been confined in jail for 30 days." The cases of Ward v. White, County Judge, 86 Tex. 170, 23 S. W. 981, and of Campbell v. State, 22 Tex. App. 262, 2 S. W. 825, Woods v. State, 26 Tex. App. 490, 10 S. W. 108, Ex parte Biela, 46 Tex. Cr. R. 487, 81 S. W. 739, Ex parte Smith (Tex. Cr. App.) 8 S.W.(2d) 139, and Ex Parte Byrd (Tex. Cr. App.) 13 S.W.(2d) 855, inferentially sustain the conclusion reached in the Spiller Case, supra.

We are of the opinion that the execution of the convict bond, under the circumstances alleged in the petition and proven by the evidence, was, under the law as it existed at that time, a due and legal process for the enforcement of the judgment rendered against the convict, and that the collection of the cost in the case, by the means used in approving the bond by the county judge, and the enforcement of the obligation voluntarily assumed by the plaintiff in error, under the facts found by the trial judge, is a proper method to enforce the judgment so rendered. We do not deem it necessary to discuss the other assignments, since we think the matters to which they relate have been correctly decided, and sufficiently discussed, by the Court of Civil Appeals.

We therefore recommend that the judgment of the Court of Civil Appeals, affirming that of the District Court, be affirmed.

CURETON, C. J. Judgments of the District Court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.