Ex Parte E. C. Smith.

No. 11951. Delivered June 6, 1928.

LATTIMORE, JUDGE.—This is an appeal from an order of the district court of Van Zandt county remanding appellant to the custody of the sheriff in default of the payment of costs assessed against him in a felony case.

From the record we learn that appellant was convicted of a felony, to-wit: driving an automobile on a public highway while intoxicated. His punishment was fixed at ninety days in the county jail and a fine of $25.00. It is shown that he has served the ninety days in jail, and has paid his fine. It further appears that in some manner $315.00 costs have been taxed against him in said case, and that he is now being held by the sheriff in default of payment of such costs.

Our statute makes no provision by which costs in a felony case may be collected by hiring the convict out, as in misdemeanor cases, nor is there any statute allowing him credit on such costs or providing for payment thereof, by confinement in the county jail. Notwithstanding the attention of the Legislature was called to this "unfortunate hiatus" in the law in the early case of Ex parte Biela, 46 Texas Crim. Rep. 487, in 1904, no law has been enacted to correct this omission. As far as can be determined Valentine Biela, the convict in the case, may have remained in jail for twenty-four years for his failure or inability to pay the costs adjudged against him in that case,—for this court held that it was without authority to release him. We will not so hold in this case.

The State is primarily liable for costs in felony cases; and while we recognize that under the provisions of Art. 1018 C. C. P., in such cases, save those punished by death or imprisonment for life,—all costs and fees paid by the State shall become a charge against the convict,—still we will never subscribe to the doctrine that when such convict serves out his term of imprisonment, whether it be one year or two, or ninety days, as the case may be, that he may still be imprisoned an indefinite length of time in lieu of payment of costs accrued in such case. One convicted of a misdemeanor may, under the provisions of Art. 793 C. C. P., lay out his fine and costs in jail, being allowed a credit thereon at $1.00 per day. Contrariwise, one convicted of a felony, if unable to pay the costs, could be kept in jail a lifetime for failure to pay the costs which might have accrued in such case, he being given no allowance for remaining in jail in lieu of payment. This seems assuredly to be cruel and unusual

punishment, which is denounced by our Constitution, and to prevent which we hope this court will never hold itself impotent. No other cause for holding this appellant appearing, save that he is unable to pay the costs charged against him in a felony case, he will be discharged. This in nowise militates against any claim for costs enforceable against any property of appellant legally liable therefor.

The judgment remanding appellant will be reversed, and his discharge ordered.

*Reversed and remanded.*