

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~XXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable F. J. Moss
County Auditor
Montague County
Montague, Texas

<u>Overruled in part by O-1981</u>

Dear Sir:

Opinion No. O-1567
Re: Payment of Officers' and wit-
nesses' fees provided for in
Section 5, Article 567-b,
Vernon's Penal Code

We are in receipt of your letter in which you quote part of Section 5 of Article 567-b, Vernon's Penal Code, and request an opinion on the following four questions:

"1. Under this article does the State or the county pay such officers and witnesses referred to herein?

"2. Are the officers and witnesses herein referred to entitled to be paid the same amount as they would be entitled to if the case were a felony?

"3. Is the fee of officers and witnesses herein referred to taxable against the defendant in the event of conviction?

"4. Under this article are the witnesses within the county entitled to be compensated as provided in Article 1078, Code of Criminal Procedure?"

Section 5 of Article 567-b, Vernon's Penal Code reads as follows:

"In all prosecutions under sections 1, 2 and 3, of this Act, process shall be issued and served in the county or out of the county where the prosecution is pending and have the same binding force and effect as though the offense being prosecuted were a felony; and all officers issuing and serving such process in or out of the county wherein the prosecution is pending,

and all witnesses from within or without the county wherein the prosecution is pending, shall be compensated in like manner as though the offense were a felony in grade."

We refer you to our opinion No. 0-1135, in which we held that the appropriation under House Bill No. 257, 46th Legislature, the Judiciary Appropriation Bill, for payment by the State of costs and fees to officers and witnesses in felony cases, as provided in Chapter 2, Title 15 Volume 3, Vernon's Code of Criminal Procedure, is not available for the purpose of compensating officers and witnesses in similar manner for first and second convictions under Article 567-b, Vernon's Penal Code, where the amount of money involved is less than fifty dollars, which are misdemeanors only, but it is available in all cases of a third conviction, and convictions where the amount involved is fifty dollars or more, which amount to felonies within the statutory definition of Article 47, Vernon's Penal Code;and that there is no appropriation with which to carry out the provisions of Section 5 of Article 567-b, Vernon's Penal Code.

First and second convictions for violation of Sections 1, 2 or 3 of Article 567-b, supra, where the amount of money involved is less than fifty dollars are misdemeanors. See Section 4 of Article 567-b, supra.

Section 5 of Article 567-b refers to "all prosecutions under Sections 1, 2 and 3 of this Act."

For convictions under the Act which do not amount to felonies, there is no appropriation in the Judiciary Appropriation Act, House Bill No. 257, 46th Legislature, for the payment of costs and fees of officers and witnesses by the State.

By placing all offenses prosecuted under Article 567-b, supra, on the plane of felonies, the Legislature plainly indicated its intent that the State only be liable for compensating officers and witnesses in accordance with the provisions of Section 5. It has already been pointed out, however, that there is no appropriation to take care of any charges except the felony prosecutions under the Act. The State is liable under Section 5 in the misdemeanor cases, but there is no appropriation to take care of the costs and fees in them.

Therefore, in answer to your first question, it is our opinion and you are so advised that under Section 5 of Article 567-b, Vernon's Penal Code, it is incumbent upon the State to pay the officers and witnesses as provided, but that there is

no appropriation available except for such offenses as amount to statutory felonies under Article 567-b.

The State does not pay the fees of witnesses within the county in felony cases. Article 1036, as amended, Code of Criminal Procedure.

Consequently, in answer to your second question, it is our opinion and you are so advised that under Section 5 of Article 567-b, Vernon's Penal Code, officers and witnesses are entitled to be paid the same amount as they would be entitled to if the case were a felony with the exception of witnesses residing in the county who are not paid by the State in felony cases; there being no appropriation, however, at the present time for compensation in cases where the offense is a statutory misdemeanor.

Article 1018, Code of Criminal Procedure, reads as follows:

"When the defendant is convicted, the costs and fees paid by the State under this title (Title 15 - Criminal actions) shall be a charge against him, except when sentenced to death or to imprisonment for life, and when collected shall be paid into the State Treasury." (Parenthetical insertion ours.)

Article 1019, Code of Criminal Procedure, provides:

"If the defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail or convicted of a misdemeanor, no costs shall be paid by the State to any officer. All costs in such cases shall be taxed, assessed and collected as in misdemeanor cases."

As has been pointed out, Section 5 of Article 567-b, supra, attempts to place all charges prosecuted under the Act on the plane of felonies. Consequently, every offense whether a statutory felony or a misdemeanor will be treated as if it were a felony. This equality of treatment, however, does not make the felony appropriation in the Judiciary Appropriation Bill available for payment of costs and fees in misdemeanor cases, as plainly indicated in the answers to your first two questions.

Since from Section 5 it is apparent that the Legisla-

ture intended that costs be paid officers in both felony charges and misdemeanor charges, this section would have the effect of excepting offenses under Article 567-b from the provisions of Article 1019, supra, which says that "if the defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail or convicted of a misdemeanor, no costs shall be paid by the State to any officer."

Where under the Act prosecution is for a felony, and conviction for a misdemeanor is obtained, then costs will be paid the officer, since the distinction is abolished by Section 5 of Article 567-b, supra, as to payment of costs and fees in the case of felonies and misdemeanors.

As for the application of Article 1018 under Section 5, it is pointed out that the death sentence or life imprisonment is not involved in Article 567-b. When the defendant is convicted of any of the charges under Article 567-b, whether a statutory felony or a misdemeanor, he is subject to having the costs and fees paid by the State charged against him since the distinction between felonies and misdemeanors under Article 567-b has been abolished in the case of convictions under the Act. Consequently the convicted defendant will be charged with costs and fees in every instance under the Act in exactly similar manner as the convicted defendant in a felony case where the sentence is not death or life imprisonment.

We wish to point out, however, that under Article 1018, supra, costs assessed against the defendant are enforceable only under execution. Ex Parte Byrd, 13 S.W. (2d) 855, and Ex Parte Smith, 8 S.W. (2d) 139.

In answer to your third question, it is our opinion and you are so advised that in accordance with the provisions of Section 5 of Article 567-b, Vernon's Penal Code, when a conviction is obtained for any offense whether a felony or a misdemeanor the defendant may be charged with the costs and fees paid by the State, because misdemeanors under Article 567-b are to be treated exactly like felonies; and Article 1018, Code of Criminal Procedure, is applicable in all convictions under the Act while Article 1019, Code of Criminal Procedure, is not applicable.

Article 1078, Code of Criminal Procedure, reads as follows:

"Witnesses in criminal cases shall be allowed one dollar and fifty cents a day for each day they are in attendance upon the court, and

six cents for each mile they may travel in going
to or returning from the place of trial."

We have already pointed out that first, the State does
not pay the fees of witnesses within the county (See Article
1036, Code of Criminal Procedure) and second, that all of-
fenses under Article 567-b are treated as if they were fel-
onies in respect to the payment of fees and costs.

Consequently, witnesses within the county even in the
cases involving misdemeanors under the Act are not entitled
to compensation since their status for this purpose is that
of felonies. This is the effect of Section 5 of Article 567-b.

In answer to your fourth question, under Article 567-b,
Section 5, witnesses within the county are not entitled to be
compensated as provided in Article 1078, Code of Criminal
Procedure, since all offenses are regarded as felonies, with
costs payable by the State, and "within the county" witnesses
do not receive payment of fees from the State in felony cases.

As a concluding observation, we have endeavored to be
perfectly consistent in applying the various articles of the
Code of Criminal Procedure to offenses which amount to viola-
tions under Article 567-b and which under Section 5 of said
article "shall be compensated in like manner as though the
offense were a felony in grade."

Trusting that we have answered all your inquiries satis-
factorily, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Dick Stout
Dick Stout
Assistant

DS:LM:wc

APPROVED DEC 16, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman