702



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Schultz
County Attorney
Dallam County
Dalhart, Texas

Dear Sir:

Opinion No. O-1563
Re: Under Article 793, Code
of Criminal Procedure,
when a defendant is con-
victed of a misdemeanor
and is able to pay his
fine and costs, but he
elects to satisfy same by
imprisonment in jail, is
he entitled to credit on
his fine and costs at the
rate of $3.00 per day?

Your request for an opinion on the above stated
question has been received by this department.

Your letter reads, in part, as follows:

"Under Article 793, Revised Code
of Criminal Procedure, when a defend-
ant is convicted of a misdemeanor and
is able to pay his fine and costs, and
same could be satisfied by levying on
his property subject to execution, but
he elects to satisfy such fine and
costs by imprisonment in jail, is he
entitled to credit on his fine and
costs at the rate of $3.00 per day as
declared by your Opinions Numbers
O-338 and O-441?

"Considering the language of Ar-
ticle 793, Code of Criminal Procedure,
reading "if he is unable to pay the
fine and costs adjudged against him"
in connection with this state of facts,
it is my impression and opinion that

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Harry Schultz, Page 2

> your opinions were not rendered in con-
> nection with or meant to apply in such
> a case as related."

In the case of Ex parte Gussie Ferguson, decided.
October 25, 1939 (not yet reported), the Court of Criminal
Appeals held that Article 793, Code of Criminal Procedure,
as amended by Acts of the Forty-first Legislature, First
Called Session, and Article 794a, 794b, 794c, and 794d,
Code of Criminal Procedure, are in contravention of both
the State and Federal Constitutions, and that the general
law providing Three ($3.00) Dollars per day credit is now
in effect and of force in all the counties in the State
where a defendant is convicted of a misdemeanor, and his
punishment is assessed as a pecuniary fine.

Article 793, Code of Criminal Procedure, before
being amended reads as follows:

> "When a defendant is convicted of
> a misdemeanor and his punishment is as-
> sessed as a pecuniary fine, if he is un-
> able to pay the fine and costs adjudged
> against him, he may for such time as
> will satisfy the judgment be put to
> work in the workhouse, on the county
> farm, or public improvements of the
> county, as provided in the succeeding
> Article, or if there be no such work-
> house, farm or improvements, he shall
> be imprisoned in jail for a sufficient
> length of time to discharge the full
> amount of fine and costs adjudged
> against him; rating such labor or im-
> prisonment at Three ($3.00) Dollars
> for each day thereof."

Article 783, Code of Criminal Procedure, reads
as follows:

> "When the defendant is only fined
> the judgment shall be that the State of
> Texas recover of the defendant the
> amount of such fine and all costs of
> the prosecution, and that the defend-
> ant, if present, be committed to jail
> until such fine and costs are paid; or
> if the defendant be not present, that
> a capias forthwith issue, commanding

> the sheriff to arrest the defendant
> and commit him to jail until such
> fine and costs are paid; also, that
> execution may issue against the prop-
> erty of such defendant for the amount
> of such fine and costs."

Article 787, Code of Criminal Procedure, provides
that:

> "When a judgment has been ren-
> dered against a defendant for a pe-
> cuniary fine, if he is present, he
> shall be imprisoned in jail until
> discharged as provided by law. A
> certified copy of such judgment shall
> be sufficient to authorize such im-
> prisonment."

Article 785, Code of Criminal Procedure, reads as
follows:

> "When the judgment against a de-
> fendant is for a fine and costs he
> shall be discharged from the same:
>
> "1. When the amount thereof has
> been fully paid.
>
> "2. When remitted by the proper
> authority.
>
> "3. When he has remained in cus-
> tody for the time required by law to
> satisfy the amount thereof."

It will be noted that the above mentioned stat-
utes provide that a judgment for a fine and costs may be
discharged either by payment, by remission by the proper
authority, or by remaining in custody for the time required
by law to satisfy the amount thereof, that if the defend-
ant is present and fails to make payment he shall be im-
prisoned in jail until discharged as provided by law, and
that if he is absent a capias shall be issued for his ar-
rest, and that the judgment may be enforced by an execution.

Referring to Title 15, Chapters 1 to 4, inclusive,
and other provisions relating to costs in criminal cases,
and execution of judgment in such cases, we quote from
Texas Jurisprudence, Volume 11, p. 395, as follows:

"Although a person may not be im-
prisoned for debt, it has been held
that costs do not constitute a debt
within the meaning of the constitution-
al inhibition. In every instance, it
has been held, costs are paid, worked
out, or collected in the same manner
as the fine itself, and form a part
and parcel of the judgment. Provision
is made under all the statutes that re-
late to the subject for the enforcement
of the collection of costs by incarcera-
ting the party in jail, or working him
on the public road and highways, or in
the public work shops, or on the county
poor farms, or by hiring him out, as
the case may be. The person convicted
of a misdemeanor may, in lieu of pay-
ment of costs, remain in jail for a
sufficient length of time to discharge
the amount adjudged against him. . .
Article 784 of the Code of Criminal
Procedure provides 'where the punish-
ment is . . . other than a fine, the
judgment shall . . . adjudge the costs
against the defendant, and order the
collection thereof as in other cases."

In view of this provision, the State may recover
the amount of fine and costs in the manner provided for,
which may include several methods. It was intended by the
use of the word "collection" in the latter part of Article
784, supra, not to restrict the collection of costs to an
execution only, but to permit collection as in other mis-
demeanor cases. Under Article 783, and Article 784, above
referred to, and in view of further provisions of the Code
of Criminal Procedure, the defendant may be confined to
jail for such time as will result in discharge of the costs,
although the punishment is other than a fine, notwithstand-
ing the fact that the case may be decided under the provi-
sion of Article 793 of the Code of Criminal Procedure, pro-
viding that where the defendant is convicted of a misde-
meanor, and his punishment assessed at a fine, he may be
put to work, as specified, or confined to jail for a suf-
ficient length of time to discharge the amount of fine and
costs.

Article 791, Code of Criminal Procedure, reads as
follows:

Honorable Harry Schultz, Page 5

> "In each case of pecuniary fine, an
> execution may issue for the fine and
> costs, tho a capias was issued for the
> defendant; and a capias may issue for the
> defendant tho an execution was issued
> against his property. The execution
> shall be collected and returned as in
> civil actions. When the execution has
> been collected, the defendant shall be
> at once discharged; and whenever the fine
> and costs have been legally discharged in
> any way, the execution shall be returned
> satisfied."

Article 919, Code of Criminal Procedure, provides:

> "In each case of conviction before
> a justice from which no appeal is taken,
> an execution shall issue for the collec-
> tion of the fine and costs, which shall
> be enforced and returned in the manner
> prescribed by law in civil actions be-
> fore justices."

The last two statutes above quoted do not author-
ize the issuance of an execution against the property of a
defendant who was present at the time the fine was imposed;
and an order committing the defendant to the county jail
until the fine and costs have been paid and directing an
execution to issue at the same time is erroneous. This
contention is upheld by the case of O'Conner vs. State, 40
Tex, 27, by the following language:

> "We believe the judgment of the
> court committing the defendant to the
> county jail until the fine and costs
> were paid, and directing execution to
> issue therefor at the same time, was
> not authorized by law or sanctioned
> by the practice of the courts, and
> presume it was an error of the clerk
> to which the attention of the court
> was not called."

In the case of Ex parte Smith, 8 S.W. (2d) 139,
we find the following language:

> "One convicted of a misdemeanor
> may, under the provisions of Article
> 793, Code of Criminal Procedure, lay
> out his fine and costs in jail."

Referring to Article 787, Code of Criminal Procedure, supra, we quote from Texas Jurisprudence, Volume 19, p. 650, as follows:

> "Just as the primary object of
> the imposition of a fine is punish-
> ment, so the principal purpose of the
> imprisonment authorized by this stat-
> ute is not so much to enforce payment
> as to insure punishment. The impris-
> onment contemplated by the statute is
> incarceration in jail, unless the
> convict is permitted to work out his
> fine in another place. The duration
> of the term of imprisonment is the
> same in either case."

Where the judgment against defendant is for fine and costs, he shall be discharged from the same when the amount thereof has been fully paid, when remitted by the proper authority, or when he has remained in custody for the time required by law to satisfy the amount thereof, and the person convicted of a misdemeanor may, in lieu of payment of costs, remain in jail for sufficient length of time to discharge the amount adjudged against him.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that when a defendant is convicted of a misdemeanor and is able to pay his fine and costs he may elect to satisfy the same by imprisonment in jail, and if the defendant does elect to satisfy his fine and costs by imprisonment in jail he is entitled to a credit on such fine and costs at the rate of $3.00 per day. However, this opinion is not to be considered as construing the application of Article 920, C. C. P., which relates to Justice Courts. We are enclosing a copy of our opinion No. 1015 which construes Article 920, C. C. P.

Trusting that the foregoing fully answers your

Honorable Harry Schultz, Page 7

inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:FG

APPROVED DEC 2, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY